SERGIO MUÑOZ ET AL., Plaintiffs and Appellees, *v.* EUSEBIO BENÍTEZ CARRILLO ET AL., Defendants; FÉLIX BENÍTEZ REXACH, Defendant and Appellant.

No. 6725. Argued May 8, 1935.—Decided June 10, 1935.

612

*Rafael Buscaglia* for appellant. *G. Cruzado Silva* for defendant Santiago Iglesias Silva. *González Fagundo & González, Jr.,* for appellees.

Mr. Justice Hutchison delivered the opinion of the court.

Félix Benítez Rexach, one of several defendants, moved for a change of venue from the District Court of Humacao to the District Court of San Juan. Benítez Rexach was a resident of San Juan. The other defendants were residents of Humacao. The district judge overruled the motion.

The theory of the motion was that the defendants who resided in Humacao were not necessary parties, should have appeared as plaintiffs instead of defendants, and had been made defendants for the sole purpose of preventing a possible change of venue. Benítez Rexach relied on the complaint itself as sufficient evidence of the facts needed to support this theory.

When there are a number of defendants some of whom, at the commencement of the action, reside in the district where it has been brought, a change of venue will not ordinarily be granted. Section 81 Code of Civil Procedure; *Nieves.* v. *Heirs of Mangual,* 31 P.R.R. 523, and *Vélez* v. *Pacheco et al.,* 35 P.R.R. 602. The fraudulent joinder of a resident defendant against whom the plaintiff has no cause of action merely for the purpose of preventing the real nonresident defendant from obtaining a change of venue will not be permitted to accomplish that result. See *McDonald* v. *California Timber Co.,* 151 Cal. 159 and other cases cited in Bancroft's Code Practice, vol. II, p. 1447, section 1006. In such a case there is of course no real resident defendant.

Plaintiffs Muñoz and Quintana alleged that in April 1928, they, as sureties, and Eusebio Benítez Carrillo, as principal, had executed a certain promissory note set forth in full in

the complaint in favor of El Banco de Yabucoa for $3,000; that this entire amount was delivered by the bank to the defendant, Benítez Carrillo, and used by him in his farming operations; that the bank brought an action on the note against defendants (*sic*) and Benítez Carrillo and attached certain property belonging to Benítez Carrillo, whereupon the defendants, Benítez Rexach and Iglesias Silva, executed a bond for the release of the attached property which was delivered to Benítez Carrillo who disposed of the same for his own benefit; that after the bank had obtained judgment against Benítez Carrillo, Muñoz and Quintana, the defendants, Benítez Rexach and Iglesias Silva, paid the said judgment, making it appear that they had purchased the same and brought an action number 15,692, in the District Court of Humacao against Muñoz and Quintana, plaintiffs herein, in which action, Benítez Rexach obtained a judgment against plaintiffs herein for $3,000, principal, and interest thereon at 12%, which judgment was affirmed on appeal by the Supreme Court; that Benítez Rexach did not severally pay to the bank the amount of the bank's judgment against Muñoz, Quintana and Benítez Carrillo, but one half of said judgment, and the other half thereof was paid by Iglesias Silva, who on December 20, 1930, for value received, assigned to Sergio Muñoz one half of the judgment, and Benítez Rexach, plaintiff in suit number 15,692, now seeks to recover the entire amount of said judgment which is not and never has been his property; that Quintana and Muñoz were sureties for Benítez Carrillo on the note above mentioned and therefore owed the bank nothing and, the attachment of property belonging to Benítez Carrillo sufficient to cover the amount of the bank's judgment having been dissolved, Benítez Carrillo was insolvent; and that Iglesias Silva and Benítez Rexach, as sureties of Benítez Carrillo on the bond for dissolution of the attachment, were under obligation to pay plaintiffs the amount of the judgment on the note executed in favor of the bank and, notwithstanding such obliga-

tion, Benítez Rexach seeks to recover from plaintiffs the total amount of the said judgment which does not belong to him.

The prayer was for a judgment against defendants to the effect that plaintiffs are not obliged to pay Benítez Rexach anything by virtue of the judgment rendered in case number 15,692 prosecuted in the District Court of Humacao, and that said judgment is null and void because the former judgment was not paid in full by Benítez Rexach; and that Benítez Rexach and Iglesias Silva, as sureties of Benítez Carrillo, are bound to satisfy the judgment in the action brought by the bank against Benítez Carrillo, Muñoz and Quintana.

It was Iglesias Silva, who equally with Benítez Rexach, was responsible for the dissolution of the attachment and loss of the attached property of the insolvent debtor, Benítez Carrillo, in the action brought by the bank against the said Benítez Carrillo and his sureties, plaintiffs herein. It was Iglesias Silva who paid one half of the judgment obtained by the bank and then, together with Benítez Rexach, brought an action against plaintiffs herein to recover the entire amount of that judgment. Apparently it was Iglesias Silva who thus enabled Benítez Rexach to obtain a judgment against plaintiffs herein for the full amount of the judgment alleged to have been purchased by Benítez Rexach and Iglesias Silva from the bank. It was Iglesias Silva who as ostensible purchaser and owner of a one half interest in the bank's judgment assigned the same, December 20, 1930, to Muñoz, one of the plaintiffs herein. It is the full amount of this judgment which Benítez Rexach is now seeking to recover from plaintiffs herein.

Benítez Rexach is seeking to enforce against plaintiffs a judgment obtained by him in an action brought against plaintiffs not by himself alone but by him and Iglesias Silva. Just how he alone obtained in that action a judgment for the full amount claimed by him and Iglesias Silva does not appear. The inference is that in the course of the action he

became the assignee of Iglesias Silva or in some other way acquired or appeared to have acquired the interest of Iglesias Silva. This is the same interest which Iglesias Silva, on December 20, 1930, assigned to the plaintiff, Muñoz. Plaintiffs herein seek to avoid payment of the amount claimed by Benítez Rexach on the ground that Iglesias Silva and Rexach, when they procured the dissolution of the attachment in the bank's suit on the note whereby the attached property was lost, made themselves liable to plaintiffs herein as sureties of Benítez Carrillo on his note to the bank for the amount of the bank's judgment against them as such sureties, which is the amount now claimed by Benítez Rexach. In other words the theory of the complaint is that Iglesias Silva is either jointly or jointly and severally liable to plaintiffs for the full amount which Benítez Rexach is attempting to collect from plaintiffs. The result in the present action, if adverse to defendants, may be an adjudication that Iglesias Silva, as surety of Benítez Carrillo was and is bound, together with Benítez Rexach, to satisfy the judgment obtained by the bank in its action against Benítez Carrillo and plaintiffs herein.

Appellant in his brief is content to say that if the defendants, Iglesias Silva and Benítez Carrillo, have any interest at all in the case such interest is united with that of plaintiffs and that these defendants should have been joined as plaintiffs. The facts set forth in the complaint furnish no satisfactory basis for this conclusion. If plaintiffs herein, instead of Iglesias Silva and Benítez Rexach, had been compelled to pay the bank's judgment, they would have had a good cause of action against Iglesias Silva and Benítez Carrillo as well as against Benítez Rexach to recover from them the amount so paid. Barring any question of *res judicata*, and assuming the ability of plaintiffs to prove the averments of their complaint, we see no reason why the responsibility of all three defendants, as between themselves and plaintiffs herein, should not be determined in the present action. The

complaint, however defective it may be, states facts sufficient to constitute a cause of action against Iglesias Silva, if not against both him and Benítez Carrillo.

What we have said disposes of the question of bad faith or fraudulent intent to anticipate and prevent a possible change of venue. We may add in passing, however, that plaintiffs, in opposing the motion for a change of venue, called the attention of the district judge to the fact that Iglesias Silva had appeared in the action and submitted himself to the jurisdiction of the Humacao court. The notice of appeal was addressed to counsel for the defendant Iglesias Silva, as well as to counsel for plaintiffs and was served on counsel for Iglesias Silva as well as on counsel for plaintiffs.

The order appealed from must be affirmed.